IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Hobby Distillers Association, Rick Morris, Thomas O. Cowdrey III, Scott McNutt, John Prince III<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Alcohol and Tobacco Tax and Trade Bureau, a bureau of the U.S. Department of the Treasury; U.S. Department of Justice<br><br>　　　　Defendants. | Case No. 4:23-cv-1221 |

**COMPLAINT FOR PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF AND DECLARATORY RELIEF**

Plaintiffs Hobby Distillers Association and four individuals, Rick Morris, Thomas O. Cowdrey III, Scott McNutt, and John Prince III, bring this action for declaratory and injunctive relief against the Alcohol and Tobacco Tax and Trade Bureau of the U.S. Department of the Treasury and the U.S. Department of Justice. Members of Plaintiff Hobby Distillers Association and the four individual Plaintiffs seek to distill alcohol at home and seek declaratory and injunctive relief that the federal statutes prohibiting such distilling are beyond the federal government's powers.

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because a case arises under the United States Constitution, and 28 U.S.C. § 1346(a)(2), because this suit constitutes a civil action against an executive department of the United States founded upon the Constitution.

2. This Court has the authority to grant declaratory relief under 28 U.S.C. § 2201 and preliminary and permanent injunctive relief under 28 U.S.C. § 2202.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(e)(1) because the defendant is an executive agency of the United States and Plaintiffs Hobby Distillers Association, and Rick Morris resides within this judicial district. Venue is proper in the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 124(a)(2).

## PARTIES

4. Plaintiff Hobby Distillers Association is a trade name of Brewhaus (America) Inc., a Texas corporation. Its headquarters is at 5951 Park Vista Cir, Keller, TX 76244. The Hobby Distillers Association is a membership organization that encourages the legalization of at-home hobby distilling. It has over 1,300 members across the country, many of whom have donated their time and money to advance this cause.

5. Plaintiff Rick Morris is a member of the Hobby Distillers Association and an individual who resides in Texas within the boundaries of the United States District Court for the Northern District of Texas in Keller, Texas.

6. Plaintiff Tomas O. Cowdrey III is a member of the Hobby Distillers Association and an individual who resides in Aylett, Virginia.

7. Plaintiff Scott McNutt is a member of the Hobby Distillers Association and an individual who resides in Robbinsville, New Jersey.

8. Plaintiff John Prince III is a member of the Hobby Distillers Association and an individual who resides in Sioux Falls, South Dakota.

9. Defendant Alcohol and Tobacco Tax and Trade Bureau is a bureau of the U.S. Department of the Treasury, an agency of the United States.

10. Defendant U.S. Department of Justice is an agency of the United States.

## FACTS

### I. The Federal Prohibition on At-Home Distilling for Beverage Use

11. The U.S. Alcohol and Tobacco Tax and Trade Bureau (TTB) states on its website, "While individuals of legal drinking age may produce wine or beer at home for personal or family use, Federal law strictly prohibits individuals from producing distilled spirits at home." Alcohol and Tobacco Tax and Trade Bureau, *Home Distilling* (last accessed Sept. 19, 2023).

12. TTB's regulations likewise note, "While Federal law allows for the limited home production of wine and beer, no such provision exists for distilled spirits." Revision of Distilled Spirits Plant Regulations, 76 FR 9080 (2011).

13. 26 U.S.C. § 5601(6) applies to "Any person who . . . uses, or possesses with intent to use, any still, boiler, or other utensil for the purpose of producing distilled spirits, or aids or assists therein, or causes or procures the same to

be done, in any dwelling house, or in any shed, yard, or inclosure connected with such dwelling house (except as authorized under section 5178(a)(1)(C))", and designates such conduct a criminal offense.

14. 26 U.S.C. § 5178(a)(1)(B) requires that "No distilled spirits plant for the production of distilled spirits shall be located in any dwelling house, in any shed, yard, or inclosure connected with any dwelling house, or on board any vessel or boat."

15. Those two statutory provisions, 26 U.S.C. § 5601(6) and 26 U.S.C. § 5178(a)(1)(B), which Plaintiffs will refer to as the at-home distilling ban, are at the center of this action. In this context, "at-home" distilling means any distilling in a dwelling house, or in any shed, yard, or inclosure connected with any dwelling house.

16. The at-home distilling ban prohibits people whose only real property is their home from being able to distill alcohol for beverage purposes on their own.

## II. At-Home Activities Do Not Prevent or Interfere with Federal Taxation

17. "The share of businesses that are home-based has remained relatively constant over the past decade, at about 50% of all firms." U.S. Small Business Administration Office of Advocacy 3 (Sept. 2019).

18. Nearly two-thirds of all professional, scientific, and technical services are home-based businesses. *Id.*

19. The Internal Revenue Service states, "Most taxpayers with home-based businesses accurately report their income and expenses while still enjoying

the benefits that a home-based business can offer." I.R.S., Business use of your home (last accessed Sept. 25, 2023).

### III. The Distilling At-Home for Fuel Use Is Federally Permitted

20. Although the TTB has prohibited distilling for beverage use at home, and has refused to issue permits for at-home distilling plants, it has allowed distilling for fuel use at home for regulations issued under 26 U.S.C § 5181.

21. Plaintiff Scott McNutt is one of the many individuals who had previously been issued a distilling permit for fuel use at home by the TTB.

22. The alcohol that commercial beverage manufacturers use for beverages like wine, gin, and vodka is chemically no different from the alcohol for fuel use that results from home distillery before the addition of bittering agents.

23. The TTB gives the following as an example of the description of the premises of a lawful alcohol fuel plant in TTB Form 5110.74:



### IV. Plaintiffs, or Their Members, Would Distill For Beverage Purposes At Home If It Wasn't Illegal

24. Individual Plaintiffs, through their attorneys, contacted the TTB and requested a permit to distill for beverage purposes at home. On November 27,

2023, a TTB representative responded by telling Plaintiffs' attorneys that such a permit would not be allowed or considered by TTB, because it is illegal to distill spirits at a residence or on the real property associated with it. TTB also informed Plaintiff's attorneys that TTB would consider a permit for distilling alcohol for fuel purposes at such property.

25. Plaintiffs do not wish to violate federal law.

26. Individual Plaintiffs wish to distill alcohol at home for their own consumption but cannot do so due to the federal prohibition on at-home distilling for beverage purposes.

27. Many of the individual Plaintiffs have legally distilled before and would be able to distill if the law allowed them to do so.

28. For instance, Plaintiff Scott McNutt previously had a valid fuel distillery permit, and Plaintiff Rick Morris operates a business with a permit to re-distill alcohol.

29. Plaintiff Hobby Distillery Association has attempted for some time to convince Congress to repeal the federal prohibition on at-home distilling.

30. Those efforts of the Plaintiff Hobby Distillery Association have been blocked by an industry that does not want more competition.

31. Legalizing at-home distilling is germane to the Hobby Distillery Association's purpose and represents its members' interests in this lawsuit.

32. If the federal prohibition were lifted or made not applicable to them, individual Plaintiffs and members of Plaintiff Hobby Distillery Association

would attempt to acquire the necessary state and federal permits as well as all other materials necessary to distill at home legally, such that they could then legally distill at home.

33. As a part of this lawful distilling process, Plaintiffs would pay all lawful taxes associated with such activities.

34. Plaintiffs bring this action for declaratory and injunctive relief to end the unconstitutional federal prohibition on at-home distilling.

## CLAIMS FOR RELIEF
## COUNT I
## UNCONSTITUTIONAL FEDERAL PROHIBITION ON AT-HOME DISTILLING

35. Plaintiff re-alleges and incorporates paragraphs 1 through 34 of this Complaint by reference as if set forth verbatim in this Claim.

36. The Constitution created a Federal Government of limited and enumerated powers.

37. The at-home distilling ban is beyond all of the powers of Congress to enact under the Constitution.

**Concerning the federal power to regulate interstate commerce:**

38. The at-home distilling ban operates locally, rather than operating directly on interstate commerce.

39. The at-home distilling ban does not directly regulate people or goods moving through interstate commerce.

40. The at-home distilling ban does not directly regulate channels of interstate commerce (such as roads, bridges, and waterways).

41. The at-home distilling ban does not directly regulate the instrumentalities of interstate commerce (such as cars, trucks, boats, or airplanes).

42. The interstate sales of beer and wine are regulated in much the same way as the interstate sales of distilled beverage alcohol are regulated, but beer and wine can lawfully be produced at home under federal law.

43. There is no federal limitation on the total amount of distilled spirits for sale in the interstate market.

44. There is no federal statute regulating interstate commerce that supports or requires the at-home distilling ban.

45. Thus, the at-home distilling ban under the federal power to regulate interstate commerce is not lawful.

**Concerning the federal taxing power:**

46. The at-home distilling ban raises no revenue.

47. The at-home distilling ban thus lacks "the essential feature of any tax." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 564 (2012).

48. The at-home distilling ban is not a proper exercise of the federal taxing power as "Congress's authority under the taxing power is limited to requiring an individual to pay money into the Federal Treasury, no more. If a tax is properly paid, the Government has no power to compel or punish individuals subject to it." *Id.* at 573–74.

49. The at-home distilling ban is not necessary to support federal tax collection.

50. Beer and wine can be produced and taxed at home without problems under federal law.

51. Millions of at-home businesses report and pay federal taxes every year.

52. Even without the at-home distilling ban, the other regulatory requirements that this action does not challenge comprehensively ensure that all required federal taxes will be paid.

53. These other requirements include (1) registration of stills, (2) bond for any violation, (3) requirements to construction to allow for federal inspection, (4) requirements that the distilling system be sealed to prevent unauthorized removal prior to the gauges counting produced quantities, (5) federally required gauges that measure the amount of spirits produced, (6) federally required locks, (7) authorized federal entry to examine the facilities of production, and (8) records and reports necessary to account for the amount of distilled alcohol that was made and stored.

54. The at-home distilling ban is not plainly adapted to raising tax revenue.

55. The at-home distilling ban does not attend to how close or how far away from the dwelling the still that produces distilled alcohol is; instead, the ban only requires that the still is not on the same property as the dwelling.

56. The at-home distilling ban only applies to production for beverage use, and not production for fuel use, even though there is no logical reason why the

still's product would have relevantly different properties from the perspective of federal taxation.

57. Thus, the at-home distilling ban is not lawful under the federal taxing power.

## PRAYER FOR RELIEF

For these reasons, the Plaintiffs ask this Court to:

a) Issue declaratory relief declaring that 26 U.S.C. § 5601(6) and 26 U.S.C. § 5178(a)(1)(B) are unconstitutional.

b) Issue a preliminary and permanent injunctive relief enjoining Defendants from enforcing 26 U.S.C. § 5601(6), 26 U.S.C. § 5178(a)(1)(B), and any regulation issued under those statutes.

c) Award Plaintiff costs and reasonable attorney's fees.

d) Award such other relief as the Court deems equitable and just.

Dated: December 8, 2023

Respectfully submitted,

/s/ *Casey Griffith*

**GRIFFITH BARBEE PLLC**
Casey Griffith
Texas Bar No. 24036687
Casey.Griffith@griffithbarbee.com

Dallas Flick
Texas Bar No. 24104675
Dallas.Flick@griffithbarbee.com

One Arts Plaza
1722 Routh St., Ste. 710
Dallas, Texas 75201
(214) 446-6020| main
(214) 446-6021| fax

-and-

Devin Watkins (*pro hac vice* application forthcoming)
Dan Greenberg (*pro hac vice* application forthcoming)
COMPETITIVE ENTERPRISE INSTITUTE
1310 L St. NW, 7th
Washington, D.C. 20005
(202) 331-1010
Dan.Greenberg@cei.org
Devin.Watkins@cei.org

*Counsel for the Plaintiffs*