UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Hobby Distillers Association, Rick Morris, Thomas O. Cowdrey III, Scott McNutt, John Prince III<br><br>Plaintiffs,<br><br>v.<br><br>Alcohol and Tobacco Tax and Trade Bureau, a bureau of the U.S. Department of the Treasury; Department of Justice<br><br>Defendants. | Case No. 4:23-cv-1221-P |

**Notice of Erratum in Relation to Plaintiffs'
Motion for Preliminary Injunction**

Please take notice that Plaintiffs Hobby Distillers Association et al. hereby informs the Court of an error recently identified in its Memorandum of Law in Support of Motion for Preliminary Injunction.

In the Memorandum's discussion of the history of *Wickard v. Filburn* (1942), at one point we mistakenly identified the plaintiff in that case as Claude Wickard. Memorandum, p. 9. We were mistaken: his name is Roscoe Filburn.

We apologize for this error. The correct page nine is attached as Exhibit A. Plaintiffs respectfully request this Court to substitute Exhibit A for page nine of the memorandum.

Dated: March 14, 2024

Respectfully submitted.

*/s/ Devin Watkins*
Devin Watkins (D.C. Bar # 155179)
Dan Greenberg (D.C. Bar # 9008067)

COMPETITIVE ENTERPRISE INSTITUTE  
1310 L St. NW, 7th Floor  
Washington, D.C. 20005  
(202) 331-1010  
Devin.Watkins@cei.org

# Exhibit A

The "wheat consumed as food varies but relatively little, and use as seed is relatively constant," while "[c]onsumption on the farm where grown appears to vary in an amount greater than 20 per cent of average production." *Id.* This variability led to the "surpluses and shortages and the consequent abnormally low or high" in the interstate market for which the statute is designed "to restrict the amount which may be produced for market." *Id.*

Congress created the local regulation in *Wickard* to reinforce its program of the interstate regulation of national wheat surpluses or shortages. Roscoe Filburn could participate in wheat production only so long as he was governed by the same limits as everyone else—and he could not exceed those limits, even to feed his animals.

Plaintiffs also preserve for appeal the argument that *Wickard v. Filburn* was wrongly decided, although this court lacks the authority to overrule it. In our view, *Wickard* was wrongly decided because the actions of other third-party individuals cannot be aggregated together to find a sufficient effect on interstate commerce to allow federal regulation, and so *Wickard* is inconsistent with the text's original meaning.

*Gonzales v. Raich*, 545 U.S. 1 (2005), also illuminates the nature and boundaries of constitutionally legitimate local regulation as well as the necessary statutory foundation that such regulation must rest on—this time in the context of Congress's authority to regulate medical marijuana. The Supreme Court asked if growing medical marijuana was included in a "class of activities [that are] an essential part of the larger regulatory scheme" of regulating direct interstate commerce. The Court of Appeals had found it was not, but the Supreme Court disagreed.

Congress had created a local ban on marijuana possession to support the regulatory scheme in the Drug Abuse Prevention and Control Act of 1970, which "repealed most of the earlier antidrug laws in favor of a comprehensive regime to combat the international and