IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **HOBBY DISTILLERS ASSOCIATION et al.,** § | | |
| *Plaintiffs,* § | | |
| § | | |
| vs. § | Civil Action No. 4:23-cv-01221-P | |
| § | | |
| **ALCOHOL AND TOBACCO AND TRADE BUREAU, et al.,** § | | |
| § | | |
| *Defendants.* § | | |

## JOINT REPORT

Pursuant to this Court's March, 14, 2024 Order, the parties file this Joint Report.

1. **Statement detailing scheduling conference**.

A Scheduling Conference was held at the offices of the United States Department of Justice, at 1100 L Street NW, Washington, DC 20005, on March 26, 2024. Present at the conference were Devin Watkins, attorney for Plaintiffs, and Hannah Solomon-Strauss and Anna Deffebach, attorneys for Defendants. Settlement was discussed, but no agreement could be reached, and none is expected.

2. **Brief statement of claims and defenses.**

<u>Plaintiffs' position</u>: Plaintiffs maintain that the at-home distilling ban in 26 U.S.C. § 5601(6) and 26 U.S.C. § 5178(a)(1)(B) are unconstitutional as beyond the enumerated powers of Congress. Plaintiffs have standing as their liberty is being restricted by these unconstitutional statutes and the Defendants' refusal to consider their permit applications. The statutes are not proper exercises of the taxing power as they attempt to regulate the conduct of people regardless of the payment of any tax in direct conflict with *NFIB v. Sebelius*, 567 U.S. 519, 574 (2012). Even if it were proper, it would not be necessary as it is not appropriate, plainly adapted, or really calculated to effect federal taxation. As to

the commerce power, the at-home distilling ban is not a regulation of the channels or instrumentalities of interstate commerce, nor is there any no federal regulation of interstate commerce that this activity would be undercut; thus, it is not a valid exercise of the commerce power under *Gonzalez v. Raich*, 545 U.S. 1, 18, 24-25 (2005).

<u>Defendants' position</u>: Defendants maintain that this case should be dismissed for several reasons and anticipate setting forth those reasons in a forthcoming motion to dismiss. Specifically, Defendants argue that this case should be dismissed in its entirety for lack of jurisdiction because the Plaintiffs lack standing. Plaintiffs have alleged no certainly impending injury-in-fact that would be redressed by the relief they seek and cannot establish the credible threat of prosecution necessary to bring a pre-enforcement challenge. *Nat'l Fed'n of the Blind v. Tex., Inc. v. Abbott*, 647 F.3d 202, 209 (5th Cir. 2011). With respect to the merits of Plaintiffs' claims, Defendants' position is that the challenged provisions of the Internal Revenue Code represent a lawful exercise of Congress's power under both the Taxing Power and the Commerce Clause, and this conclusion is reinforced by Supreme Court precedent. *See, e.g., Felsenheld v. United States*, 186 U.S. 126, 132 (1902); *Artis v. District of Columbia*, 583 U.S. 71, 90 (2018); *Gonzalez v. Raich*, 545 U.S. 1, 16-17 (2005). The challenged laws represent a reasonable regulation to protect the revenue, *Artis*, 583 U.S. 90, and regulate an activity and an industry that has an impact on interstate commerce, *Raich*, 545 U.S. at 16-17.

3. **<u>Proposed time limit to amend pleadings and join parties.</u>**

The parties agree there should be no further amendments without leave of court.

4. **<u>Proposed time limit to file various types of motions, including dispositive motions.</u>**

The parties agree that setting a deadline for motions practice beyond the motion to dismiss is premature. Defendants' forthcoming motion to dismiss will address jurisdictional questions about whether any of Plaintiffs' claims are properly before the Court. The parties believe the Court's

decision on that motion will provide necessary information about whether and to what extent this case proceeds at all. Accordingly, resolution of the forthcoming motion to dismiss will necessarily impact the timeline for any potential dispositive motions, including motions for summary judgment, if necessary.

5. **Proposed time limit for initial designation of experts and responsive designation of experts.**

The parties do not anticipate discovery being necessary or appropriate in this case, including expert discovery. *See infra* ¶ 7. Moreover, to the extent discovery is permitted in this case, the parties agree that any schedule for that discovery is premature at this time. *Id.*

6. **Proposed time limit for objections to experts.**

The parties do not anticipate discovery being necessary or appropriate in this case, including expert discovery. *See infra* ¶ 7. Moreover, to the extent discovery is permitted in this case, the parties agree that any schedule for that discovery is premature at this time. *Id.*

7. **Proposed plan and schedule for discovery**.

The parties agree that any decision regarding whether discovery should proceed in this case, and what the scope of any such discovery should be if it were to occur, is premature and should be stayed pending resolution of Defendants' forthcoming motion to dismiss. Defendants' motion to dismiss raises jurisdictional questions about whether Plaintiffs' claims are properly before the Court. The Court's decision on that motion will provide necessary information about whether and to what extent this case proceeds at all, as well as the scope of any remaining claims. *See, e.g.*, *Johnson v. Ashmore*, No. 3:15-2475-K, 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (staying discovery until preliminary questions of subject matter jurisdiction are decided). Resolution of the forthcoming motion to dismiss will necessarily inform the scope of and timeline for any discovery.

Moreover, the parties do not anticipate discovery being necessary or appropriate in this case

3

if it moves forward. To the extent any of Plaintiffs' claims are properly before this Court, any operative claims turn on legal questions about the challenged provisions of the Internal Revenue Code. Accordingly, if the Court is inclined to enter a discovery schedule, the parties request that the Court first schedule briefing to address whether discovery should occur in this case at all and, if so, to what extent.

8. **Proposed limitations on discovery.**

The parties do not anticipate discovery being necessary or appropriate in this case. *See supra* ¶ *7.* Moreover, to the extent discovery is permitted in this case, the parties agree that any order setting the parameters for that discovery is premature at this time. *Id.*

9. **Statement on electronically stored information (ESI) discovery.**

In the event discovery proceeds, the parties agree ESI records, if any, will be produced in .pdf format with meta data only produced when requested for a specific record and decided on a case-by-case basis.

10. **Proposed handling and protection of privileged material.**

The parties agree to jointly propose a protective order that comports with the Privacy Act, 5 U.S.C. § 552a(b)(11) and Federal Rule of Civil Procedure 26(c), in the event discovery proceeds.

11. **Proposed trial date.**

The parties believe that this case can and should be resolved through dispositive motions, and that trial is not necessary or appropriate in this matter.

12. **Proposed Mediation Deadline**.

The parties do not believe that mediation will be fruitful in this matter and would request they be relieved of the obligation to mediate. If mediation is ordered, the parties propose a deadline of 30 days before any deadline for dispositive motions.

13. **Statement regarding disclosures under Fed. R. Civ. P. 26(1).**

The parties agree discovery is not necessary or appropriate in this case, including initial disclosures. *See supra* ¶ 7. Moreover, to the extent discovery is permitted in this case, initial disclosures are premature until Defendants' motion to dismiss is resolved. *See infra* ¶ 7; *see, e.g.*, *Johnson v. PPI Tech. Servs., L.P.*, No. 11-2773, 2012 WL 5449636, at *2 (E.D. La. Oct. 18, 2012) (finding that "production of initial disclosures is premature pending the resolution of [defendant's] motion to dismiss").

**14. <u>Statement regarding trial before U.S. Magistrate Judge.</u>**

The parties do not agree that the case should be tried before a Magistrate Judge.

**15. <u>Statement regarding conference with Court.</u>**

The parties met and thoroughly discussed these matters and believe that a conference with the Court is not necessary at this juncture.

**16. <u>Other proposals regarding scheduling and discovery.</u>**

The parties have no further proposals regarding scheduling and discovery at this juncture.

Dated: March 28, 2024                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director
Federal Programs Branch

<u>/s/ *Hannah Solomon-Strauss*</u>
HANNAH SOLOMON-STRAUSS
ELIZABETH TULIS
ANNA DEFFEBACH
*Trial Attorneys*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 616-8198
Hannah.M.Solomon-Strauss@usdoj.gov

*Counsel for Defendants*

*/s/ Devin Watkins*
Devin Watkins (D.C. Bar # 155179)
Dan Greenberg (D.C. Bar # 9008067)
COMPETITIVE ENTERPRISE INSTITUTE
1310 L St. NW, 7th Floor
Washington, D.C. 20005
(202) 331-1010
Devin.Watkins@cei.org
Dan.Greenberg@cei.org

*Counsel for Plaintiffs*