IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HOBBY DISTILLERS ASSOCIATION, *et al.*, )<br>)<br>Plaintiffs,                     )<br>)<br>v.                                          )<br>                                                )<br>ALCOHOL AND TOBACCO TAX AND     )<br>TRADE BUREAU, *et al.*,                )<br>                                                )<br>Defendants.                           ) | Case No. 4:23-cv-01221-P |

**DEFENDANTS' SUPPLEMENTAL BRIEF**

Defendants respectfully submit this supplemental brief to address "the applicability and scope of the Necessary and Proper Clause to the question whether 26 U.S.C. §§ 5601[(a)(6)][1] & 5178(a)(1)(B) appropriately effectuate protection of the federal tax revenue on distilled spirits." Suppl. Briefing Order at 1, ECF No. 43. As explained below, the challenged provisions are a reasonable means to protect the revenue, and thus are rationally related to Congress's implementation of its Taxing Power. Moreover, the provisions neither reach beyond the natural limit of Congress's taxing authority to regulate persons who would otherwise fall outside its scope, nor violate any fundamental principle of state sovereignty. Accordingly, Congress had constitutional authority to enact the provisions under the Necessary and Proper Clause to effectuate implementation of its Taxing Power.

### I.   General Scope and Applicability of the Necessary and Proper Clause.

The Constitution grants Congress authority "[t]o make all Laws which shall be necessary and proper for carrying into Execution" Congress's enumerated powers, U.S. Const. art. 1, § 8, cl. 18. "The scope of the Necessary and Proper Clause is broad." *United States v. Kebodeaux*, 570 U.S. 387, 394 (2013). For over "200 years" the Supreme Court has recognized that "a government, entrusted with such" enumerated powers "'must also be entrusted with ample means for their execution.'" *United States v. Comstock*, 560 U.S. 126, 133 (2010) (quoting *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 408 (1819)). "Accordingly, the Necessary and Proper Clause makes clear that the Constitution's grants of specific federal legislative authority are accompanied by broad power to enact laws that are 'convenient, or useful' or 'conducive' to the authority's 'beneficial exercise.'" *Id.* at 133-34 (quoting *McCulloch*, 17 U.S. at 413, 418). It thus "empowers Congress to enact laws in effectuation of its enumerated powers that are not within its authority to enact in isolation." *Gonzales v. Raich*, 545 U.S. 1, 39 (2005) (Scalia, J., concurring) (citing *McCulloch*, 17 U.S. at 421-22).

---

[1] The Court's order, ECF No. 43, refers to section "5601(b)." However, the premises restrictions challenged by Plaintiffs are set forth in section 5601(a)(6). Section 5601(b), not at issue in this case, concerns evidentiary presumptions applicable in a trial for a violation of a different subsection.

1

The Supreme Court has recognized that the Constitution leaves to Congress the "choice of means" in implementing its enumerated powers. *Comstock*, 560 U.S. at 135 (quoting *Burroughs v. United States*, 290 U.S. 534, 547-48 (1934)); *see also Champion v. Ames* ("*Lottery Case*"), 188 U.S. 321, 355 (1903) ("[T]he Constitution . . . leaves to Congress a large discretion as to the means that may be employed in executing a given power."). The Supreme Court "long ago rejected the view that the Necessary and Proper Clause demands that an Act of Congress be '*absolutely* necessary' to the exercise of an enumerated power." *Jinks v. Richland Cnty., S.C.*, 538 U.S. 456, 462 (2003) (citing *McCulloch*, 17 U.S. at 414-15); *accord United States v. Lawrence*, 727 F.3d 386, 396 (5th Cir. 2013). Rather, in determining whether the Necessary and Proper Clause grants Congress the legislative authority to enact a particular federal statute, courts look to see whether the statute "constitutes a means that is rationally related to the implementation of a constitutionally enumerated power." *Comstock*, 560 U.S. at 134 (citing *Sabri v. United States*, 541 U.S. 600, 605 (2004)); *see, e.g.*, *Raich*, 545 U.S. at 22 (holding that because "Congress had a rational basis" for concluding that a statute implements the Commerce Clause power, the statute falls within the scope of congressional "authority to 'make all Laws which shall be necessary and proper' to 'regulate Commerce . . . among the several States'" (quoting U.S. Const. art. 1, § 8)).

## II.     The Challenged Provisions Are Rationally Related to Implementation of the Taxing Power.

Implementation of Congress's Taxing Power encompasses collection and protection of the federal tax revenue. And there is no dispute in this case that, pursuant to the Necessary and Proper Clause, Congress has authority to enact reasonable provisions to protect the revenue raised from the distilled spirits excise tax. *See* Reply in Supp. of Mot. for Prelim. Inj. at 4, ECF No. 31 ("Of course it is indisputable that, as Defendants recite at some length, Congress may pass laws that serve as reasonable means to protect the revenue owed from and paid by federal taxation."). The statutory provisions at issue in this case, 26 U.S.C. §§ 5178(a)(1)(B) and 5601(a)(6), easily fall within Congress's authority under the Taxing Power and Necessary and Proper Clause because they are a rational means to effectuate such protection of the revenue.

As noted in Defendants' prior briefing, the challenged provisions address Congress's legitimate concern that locating distilled spirits plants on certain premises allows for easier concealment of stills and diversion of the substantial revenue from the distilled spirits excise tax. Br. in Supp. of Defs.' Resp. at 12, ECF No. 30; Defs.' Sur-reply at 9, ECF No. 39; *see, e.g.*, Cong. Globe, 39th Cong., 1st Sess. 2839, 2841 (1866) (in debate over statute that included some location restrictions later included in the Act of July 20, 1868, rejecting amendment that would have removed breweries from the list of prohibited premises and adopting amendment adding "or in any dwelling-house"). And they are "plainly adapted" to protection of the revenue from that tax, *McCulloch*, 17 U.S. at 421, which is distinctive in several respects. Among other things, unlike the taxes on beer and wine, the tax on distilled spirits is a first lien that attaches at creation. 26 U.S.C. § 5004. This means that the government has an interest in the tax revenue from distilled spirits from the moment they are produced. Hidden stills can easily evade a tax applied at the time of production. Moreover, distilled spirits are taxed by the "proof gallon," a more sensitive measure than those applicable to beer and wine. *Compare* 26 U.S.C. §§ 5001, 5002, *with id.* §§ 5041, 5051. Diversion of the revenue from the tax on distilled spirits—for example, by hiding stills or the alcohol they produce—is thus easier to accomplish and more costly to the government than diverting the revenue on an equal volume of beer or wine.

Especially given this background, Congress acted reasonably by enacting certain provisions to protect the distilled spirits tax revenue that it did not enact with respect to the tax revenue on beer and wine for example. These include measures requiring registration of stills, 26 U.S.C. §§ 5179, 5601(a)(1); restricting the premises where distilling may take place, *id.* §§ 5178(a)(1), 5601(a)(6); prohibiting distilling material from being produced anywhere other than on the bonded premises of a duly authorized distilled spirits plant and prohibiting removal of distilling material from the bonded premises before being distilled, except as authorized by the Secretary, *id.* § 5222(a)(1); requiring that "[t]he distilling system shall be continuous and shall be so designed and constructed and so connected as to prevent the unauthorized removal of distilled spirits before their production gauge," *id.* § 5178(a)(2)(B); limiting the time distilled spirits may

be held after production and before the production gauge, and requiring a record be made of such gauge within a reasonable time after production, *id*. § 5211; requiring record keeping and reporting of production, storage, and processing activities, and subjecting a distiller to criminal liability for failing or neglecting to do so, *id*. § 5207; authorizing the Secretary to require certain locks, fastenings, and other security measures for distilled spirits plants, *id.* § 5178(a)(2)(C); and allowing internal revenue officers a right to enter and examine a distilled spirits plant at any time, day or night, *id.* § 5203. These various provisions work in tandem as part of the "elaborate system" set up by Congress "to protect the revenue on distilled spirits." *United States v. Goldberg*, 225 F.2d 180, 187 (8th Cir. 1955). The limitations in 26 U.S.C. §§ 5178(a)(1)(B) and 5601(a)(6) bar locating distilled spirits plants on premises where production of distilled spirits can more easily be concealed. And these premises restrictions also protect against diversion of the tax revenue on distilled spirits by facilitating the Department of the Treasury's ability to inspect distilling operations and ensure compliance with the applicable registration, design, construction, and security requirements that Congress imposed to that end.

      Contrary to Plaintiffs' characterization, Pls.' Mem. at 2, 5, ECF No. 17-1, the challenged provisions do not prohibit distilling, but rather limit the permissible locations for production of distilled spirits. Congress excluded not only dwelling houses and connected sheds, yards, and inclosures, but also any vessel or boat, and (with certain exceptions) premises where beer or wine is produced, liquors are retailed, or other business is carried on. *See* 26 U.S.C. §§ 5178(a)(1)(B), 5601(a)(6). Like the many other qualification requirements for distilled spirits plants, and criminal penalties for noncompliance with certain of these requirements, Congress adopted 26 U.S.C. §§ 5178(a)(1)(B) and 5601(a)(6) "to secure the payment of the tax imposed by law upon distilled spirits," *United States v. Ulrici*, 111 U.S. 38, 40 (1884), and the challenged provisions are rationally related to that purpose. In short, Congress determined that these laws make it more likely the tax on distilled spirits will be collected. Therefore, the premises restrictions in §§ 5178(a)(1)(B) and 5601(a)(6) appropriately execute Congress's Taxing Power. *See, e.g.*, *Sabri*, 541 U.S. at 606-07 (looking to legislative history and Congressional design to "protect the integrity of the vast

sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery" to conclude that law was necessary and proper to carry out Congress's enumerated powers (citation omitted)).

Indeed, courts have repeatedly and invariably upheld "rules and regulations for the manufacture and sale of [taxable] articles . . . as in [Congress's] best judgment were necessary or advisable for the purposes of effectually securing the payment of the tax imposed." *Felsenheld v. United States*, 186 U.S. 126, 131 (1902). The challenged premises restrictions on distilled spirits plants fall comfortably within the broad scope of regulatory measures that courts have held were appropriately enacted to facilitate collection of the revenue. *See, e.g.*, *Stilinovic v. United States*, 336 F.2d 862, 864-65 (8th Cir. 1964) (holding that Congress "acted within its constitutional power to facilitate the collection of revenue" in enacting statute that prohibited alteration of the contents of liquor bottles); *Ripper v. United States*, 178 F. 24, 28 (8th Cir. 1910) (rejecting contention that statute limiting retail sales of margarine to "original stamped packages, in quantities not exceeding ten pounds" was unconstitutional because it had "no effect in preventing frauds on the revenue"); *Goldstein v. Miller*, 488 F. Supp. 156, 170 (D. Md. 1980) (rejecting plaintiffs' argument that "the regulation of [liquor] bottle sizes bears no reasonable relationship to the protection of the revenue"), *aff'd*, 649 F.2d 863 (4th Cir. 1981), *and aff'd sub nom. Overbrook Egg Nog Corp. v. Miller*, 649 F.2d 864 (4th Cir. 1981); *United States v. Di Santo*, 20 F. Supp. 254, 255 (N.D. Ohio 1935) (rejecting challenge to law authorizing Commissioner of Internal Revenue to require reports from sugar dealers listing persons "to whom disposition was made, with details as to quantity disposed of or other information which the Commissioner may require, 'as will enable the Commissioner to determine whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid'"), *judgment aff'd*, 92 F.2d 948 (6th Cir. 1937). Plaintiffs have identified no meaningful distinction between the rules and regulations for the manufacture of taxable articles previously held to fall within Congress's authority to implement its Taxing Power and the provisions challenged here.

5

### III. The Challenged Provisions Do Not Improperly Expand the Reach of Congress's Enumerated Powers or Undermine State Sovereignty.

As discussed above, the Necessary and Proper Clause provides Congress great flexibility in effectuating the implementation of its enumerated powers. As repeatedly affirmed by the Supreme Court, "necessary" in this context does not mean indispensable, *see Jinks*, 538 U.S. at 462, but merely that a legislative enactment must be a rational means to effectuate Congress's implementation of the enumerated power at issue. *Comstock*, 560 U.S. at 134. To Defendants' knowledge, no statute enacted for the purpose of protecting the federal tax revenue has ever been held to fall outside Congress's authority under the Taxing Power and Necessary and Proper Clause.

Nonetheless, the authority granted by the Necessary and Proper Clause is not without limit. In particular, as first recognized by Chief Justice Marshall, "a federal statute, in addition to be authorized by Art. 1, § 8, must also 'not be prohibited' by the Constitution." *Id.* at 135 (quoting *McCulloch*, 17 U.S. at 421). The circumstances in which a legislative enactment that is rationally related to execution of Congress's enumerated powers will be deemed constitutionally prohibited—and thus not "proper"—are narrow. The few cases in which the Supreme Court has determined that Congress exceeded the scope of its power under the Necessary and Proper Clause rested on determinations that a legislative enactment "reach[ed] beyond the natural limit" of an enumerated power, *Nat'l Fed'n of Indep. Bus. v. Sebelius* ("*NFIB*"), 567 U.S. 519, 560 (2012), or violated a fundamental principle of state sovereignty, for example by conscripting state law enforcement officers to execute federal functions, *see Printz v. United States*, 521 U.S. 898, 924 (1997). The statutory provisions challenged in this case have neither of those defects.

The premises restrictions for distilled spirits plants at issue do not run afoul of *NFIB's* holding that the Necessary and Proper Clause cannot "work a substantial expansion of federal authority," *NFIB*, 567 U.S. at 560, because they do not "reach beyond the natural limit of [Congress's taxing] authority and draw within its regulatory scope those who otherwise would be outside of it," *id.* In *NFIB*, the Court upheld the constitutionality of the Affordable Care Act's individual mandate as an exercise of Congress's Taxing Power, *id.* at 574-75, but concluded that

6

it could not be sustained under the Commerce Clause in conjunction with the Necessary and Proper Clause, *id.* at 560. The individual mandate was not a proper means to execute Congress's Commerce Clause authority because it "vest[ed] Congress with the extraordinary ability to create the necessary predicate to the exercise of an enumerated power." *Id.* Specifically, Congress would not be "regulating under the Commerce Clause those who by some preexisting activity bring themselves within the sphere of federal regulation," *id.*, but rather "forc[ing] individuals into commerce precisely because they elected to refrain from commercial activity," *id.* at 558. Here, in contrast, the federal government has an interest in the tax revenue on distilled spirits from the moment of their creation, and thus any distilling activity is automatically within the "regulatory scope" of the federal Taxing Power. *Id.* at 560. In other words, the challenged provisions—which limit the permissible locations for distilling operations but do not compel anyone to distill spirits or otherwise to subject themselves to the applicable excise tax scheme—only involve exercises "derivative of, and in service to" Congress's Taxing Power. *Id*.

Nor do the challenged provisions commandeer state law enforcement officers or otherwise undermine any fundamental principle of state sovereignty. The cases in which the Supreme Court has held the Necessary and Proper Clause not to authorize a law on this basis involved legislative enactments that directly interfered with state sovereignty by compelling or prohibiting some action by the State. *Printz*, for example, involved a challenge to provisions of the Brady Handgun Violence Prevention Act that "command[ed] state and local law enforcement officers to conduct background checks on prospective handgun purchasers and to perform certain related tasks." 521 U.S. at 902. The *Printz* Court concluded that the Brady Act's background check system for prospective handgun purchasers fell outside Congress's power to take actions necessary and proper to execution of its Commerce Clause authority because "the whole *object* of the law [was] to direct the functioning of the state executive, and hence to compromise the structural framework of dual sovereignty." *Id.* at 932. In *Alden*, similarly, at issue was "the principle of state sovereignty" itself. *Alden v. Maine*, 527 U.S. 706, 732 (1999) (quoting *Printz*, 521 U.S. at 923-24). The Supreme Court rejected the proposition that Congress had authority via the Necessary and Proper Clause

7

"to subject the States to private suits as a means of achieving objectives otherwise within the scope of the enumerated powers." *Id.* In contrast, §§ 5178(a)(1)(B) and 5601(a)(6) merely limit the premises where a federally taxed commodity—distilled spirits—may be produced. They do not require state officers to play any role in such production or to police compliance with the federal law. Nor do they abrogate state sovereign immunity or otherwise compromise state sovereignty.

Where the Supreme Court has found laws to exceed Congress's authority under the Necessary and Proper Clause based on the Constitution's protection of state sovereignty, the challenged legislative enactments directly interfered with the structures and procedures of State government. The Court did not hold such laws to be improper merely because they took up an issue that might be addressed by state law or even because they addressed an existing substantive provision of state law. *Compare Alden*, 527 U.S. at 712 (holding "that the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts"), *with Jinks*, 538 U.S. at 463-64, (holding that federal law tolling state statute of limitations period was valid under the Necessary and Proper Clause where it promotes fair and efficient operation of the federal courts and is therefore conducive to the administration of justice). The Supreme Court has declined to adopt, for example, Justice Thomas's suggestion that a law is not permitted by the Necessary and Proper Clause if it "encroache[s] on States' traditional police powers to define the criminal law and to protect the health, safety, and welfare of their citizens." *Raich*, 545 U.S. at 66 (Thomas, J., dissenting); *see id.* at 41 (Scalia, J., concurring) (rejecting dissenters' reasoning and noting the Court's repeated recognition that the fact that a statute "regulates an area typically left to state regulation . . . is not enough to render federal regulation an inappropriate means" (citing *Nat'l League of Cities v. Usery*, 426 U.S. 833, 840 (1976); *Cleveland v. United States*, 329 U.S. 14, 19, (1946); *McCulloch*, 17 U.S. at 424)). As explained by Justice Scalia in his *Raich* concurrence, under the Necessary and Proper Clause, if Congress has authority to regulate under an enumerated power, it also has the power to "make regulation effective" by enacting laws that "are not within

8

its authority to enact in isolation." *Id.* at 37, 39 (Scalia, J., concurring) (ellipses and citations omitted).

Thus, to the extent Plaintiffs argue that the challenged provisions regarding distilled spirits plants fall outside Congress's authority under the Necessary and Proper Clause because they touch on matters also within the scope of a "generalized police power [reserved] to the States," Pls.' Mem. at 5, ECF No. 17-1 (quoting *United States v. Morrison*, 529 U.S. 598, 618 n.8 (2000)), Plaintiffs are incorrect. Indeed, any such argument is at odds with Supreme Court precedents addressing the scope and applicability of the Necessary and Proper Clause, and it would prove too much. Finding the premises restrictions in 26 U.S.C. §§ 5178(a)(1)(B) and 5601(a)(6) unconstitutional based on the reasoning of Justice Thomas's dissent in *Raich* would conflict with the Supreme Court's actual holding in *Raich*. *See* 545 U.S. at 22. It also would call into question other numerous provisions of the Internal Revenue Code, unchallenged by Plaintiffs, that regulate the location and manner of distilling operations. These include, *inter alia*, registration requirements for stills, 26 U.S.C. § 5179, and related criminal penalties for non-compliance, *id.* § 5601(a)(1); authorization for "regulations relating to the location, construction, arrangement, and protection of distilled spirits plants as [the Secretary] deems necessary to facilitate inspection and afford adequate security to the revenue," *id.* § 5178(a)(1)(A); a requirement that a distilling system be "continuous," *id.* § 5178(a)(2)(B); a provision allowing internal revenue officers to inspect a distilled spirits plant at any time, day or night, "to make examination of the materials, equipment, and facilities thereon; and make such gauges and inventories as he deems necessary," *id.* § 5203(b); and authorization for the Secretary to issue gauging requirements and related regulations, *id.* § 5204. Plaintiffs' argument that the challenged premises restrictions are not necessary and proper to execution of the Taxing Power in fact relies in part on the constitutional validity of these related provisions. *See* Pls.' Mem. at 17, ECF No. 17-1 (citing 26 U.S.C. §§ 5173, 5178(a)(1)(A), 5178(a)(2)(B), 5178(a)(2)(C)(ii), 5179, 5203, 5204, 5207 and 27 C.F.R. §§ 19.8 and 19.45).

The challenged provisions, like these other federal requirements and restrictions for distilled spirits plants, are rational means to effectuate Congress's protection of the federal distilled

spirits tax revenue, and they neither reach outside the natural limit of Congress's taxing authority nor violate any fundamental principle of state sovereignty. Accordingly, they fall within Congress's constitutional authority under the Taxing Power and the Necessary and Proper Clause.

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' brief and sur-reply in support of their response to Plaintiffs' motion for preliminary injunction, the Court should deny Plaintiffs' motion, dismiss the case, and enter judgment for Defendants.

Dated: May 17, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director, Federal Programs Branch

/s/ *Elizabeth Tulis*
ELIZABETH TULIS
HANNAH SOLOMON-STRAUSS
ANNA DEFFEBACH
*Trial Attorneys*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 514-9237
elizabeth.tulis@usdoj.gov